LOUIS N. ELLICK, APPELLANT, v. DANIEL E. REARDON, TRADING AS DANIEL E. REARDON'S LAUNDRY, RESPONDENT.

Argued May 4, 1938—Decided September 10, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Morris Bloom.*

For the respondent, *Harcourt & Steelman.*

PER CURIAM.

The appeal is from a judgment of nonsuit, which was granted after, and in consequence of, the refusal of the trial court to admit in evidence a paper purporting to be a contract between the defendant below, and the local union, of which the plaintiff was a member. Relying on that paper as a contract made for his benefit, the plaintiff claimed that he had been discharged in defiance of its terms, and the suit was for damages because by reason of the discharge he had been out of work for some weeks.

It seems to be taken for granted that if there was in law and fact a contract, the plaintiff is entitled to the benefit of it. This may be assumed for present purposes, though we do not pass upon the point. The paper was several times offered in evidence, and as often excluded; and as it was the foundation of the suit, the nonsuit naturally ensued.

There were two objections to the admission of this paper. The first was that it was signed, not by the defendant, but in his absence by one Quill, who acted as his shop manager or in some such capacity, and that Quill had not been shown to be vested with authority to sign it, either real or apparent. Our examination of the evidence satisfied us that the paper was properly excluded on this ground, there being no evidence of authority to sign, or of holding out Quill as so authorized, or of ratification by the principal.

The second objection, which we think was also well taken, is that the paper was not executed by the union named as a party thereto. It is not sealed. The name of the union appears at the foot of the paper with a blank for the signature of the proper officer or agent, but there is no signature. Realizing, and practically conceding this obstacle, plaintiff's attorney undertook to show that the contract had been considered at a meeting of the union and ratified by resolution. Even if this had been shown, we do not think it would have sufficed to establish a contract which was clearly intended to be in writing and executed as a writing, but in fact was not so executed. But passing this, the further objection was made, and as it seems to us correctly, that the paper reads as a contract by and with the Teamster's Union No. 331, but the evidence of ratification at a meeting shows only that the paper was presented to and acted on by the "laundrymen's division" of that union, and there is no proof that the union itself referred the ratification of the agreement to the laundrymen's division, or even that there was any authority so to refer it.

In fine, the evidence does not show execution either by the employer or by the union; and in that posture of affairs, nonsuit was not only proper, but inevitable.

The judgment is therefore affirmed.